Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
30 Vesey Street, 15th Floor
New York, New York 10007
(212) 964-5100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X CASE #: 21-cv-4157(ARR)(CLP)
RAMSEY SMITH,

          PLAINTIFF,

                                     PLAINTIFF'S FIRST AMENDED COMPLAINT
                                     (per 2-9-22 court order)

      -against-
                                     (Plaintiff Demands a Trial by Jury
                                     Of all issues herein)

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT ("NYPD");
POLICE OFFICER LEO BONACASA;, POLICE
OFFICER ALEKSANDAR TODOROSKI, AND
SERGEANT RYAN J. MADHOO,

          DEFENDANTS.
-------------------------------------------------------------------X

      The plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following as his First Amended Complaint.

      I.      PARTIES AND JURISDICTION

    1. On or about July 15, 2019, and at all times relevant herein, plaintiff then resided at 868 DeKalb Avenue, #2R, Brooklyn, NY 11221.

    2. On or about July 15, 2019 and at all times relevant herein, on information and belief, defendant The City of New York was and is a municipal corporation lawfully organized and existing under the laws of the State of New York, and on said date and at all times relevant herein, said defendant had and has a principal place of business located at 530 Municipal

-1-

Building, NY, NY 10007, and each acts of wrongdoing herein after described to have been committed by the herein below described individual police officers, defendant Police Officer Bonacasa, and , defendant Police Officer Aleksandar Todoroski,, and Sergeant Ryan J. Madhoo, were committed within the scope of their agency and/or authority and/or employment with defendant The New York City Police Department, which said agency was under the dominion, possession, ownership and/or control of defendant The City of New York, and/or said acts of alleged herein after described wrongdoing, were pursuant to a municipality implemented policy, NYC Patrol Guide, rule, ordinance, regulation, and/or custom and usage, which said acts of wrongdoing were expressly and/or implied ratified by defendant The City of New York.

3. On or about July 15, 2019 , and at all times relevant herein, defendant The New York City Police Department ("NYPD") was a business entity on information and belief, , lawfully authorized to and that did transact business in the State of New York, and on said date, and at all times relevant herein, said defendant had and has a principal place of business located at One Police Plaza, NY, NY 10007, and each act of wrongdoing herein after alleged to have been undertaken by said individual police officers was committed pursuant to a municipality implemented policy, statement, ordinance, regulation, and/or decision officially and/or unofficially adopted by that body's officers, resulting in the herein after described constitutional violations, on behalf of defendant The City of New York, which expressly and/or impliedly ratified each act of wrongdoing herein after alleged to have been committed by defendants herein.

4. On or about July 15, 2019 and at all times relevant herein, defendants Police Officer Leo Bonacasa, Shield #: 2429, NYPD, Criminal Intelligence Unit, 263 Tompkins Avenue,

Brooklyn, NY 11216, defendant Police Officer Aleksandar Tobokin, Shield #: 14740, NYPD, 79th Precinct, 263 Tompkins Avenue, Brooklyn, NY 11216, and defendant Sergeant Ryan J. Madhoo, NYPD, 79th Precinct, 263 Tompkins Avenue, Brooklyn, NY 11216, were and are police officers affiliated with and/or employed by defendant NYPD, and defendant The City of New York, and on or about July 15, 2019, all the aforesaid mentioned defendant police offices, pursuant to a 7-15-2019 signed search warrant, searched and seized evidence, to wit, marijuana and appurtenances, , from the apartment of plaintiff located at 868 DeKalb Avenue, #2R, Brooklyn, NY 11221 New York, and/or about 7-23-2019 arrested said plaintiff for alleged illegal possession of controlled substance, to wit, marijuana and appurtenances.

5. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court has original jurisdiction to redress the deprivation of civil rights under color of any law, statute, ordinance of any right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of any citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein under 42 U.S.C. Section 1983, proscribing excessive force and/or false arrests, and/or malicious prosecution therein.

6. . Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on diversity jurisdiction, such as the present case, venue is proper where the defendant resides or a judicial district where a substantial part of the events giving rise to the claim occurred, and venue is proper therefore in the United States District Court, Eastern District of New York.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST)

7. On or about July 15, 2019, although there existed no evidence of a fire and/or any charred and/or burned real and/or personal property the defendants within the scope of their

agency and/or employment with NYPD, and pursuant to a municipality implemented plan, decision, ordinance, regulation, NYC Patrol Guide, and/or long standing custom and usage, and pursuant to a warrant, and/or in an ultra vires manner, broke down the door to plaintiff's apartment, damaged his lock, damaged his Cartier watch, took approximately $30,000.00 of his money which was in a closed drawer not in plain view (and subsequently returned to him, $11,900.00, leaving a loss to plaintiff of approximately $18,100.00 in monies wrongfully taken by defendants), damaged plaintiff's clothing and personal property, opened his bedroom door and closet which was not in plain view, seizing alleged marijuana and appurtenances, and wrongfully arrested plaintiff for possession of marijuana, Docket #: CR-027596-19KN, Brooklyn Criminal Court, 120 Schermerhorn Street, Brooklyn, NY 11201, which was dismissed on or about March 9, 2020.

8. The false arrest was based on the fabrication of inculpatory evidence, in one or more of the following way, in that: (a) there existed, promulgated by defendants, a false narrative that a fire had occurred in plaintiff's apartment, when the fire department incident report, certified by Batallion Chief Murphy on or about 12-10-2019, stated that the area of origin was the roof surface, and not #2R, plaintiff's apartment, which fire was on or about 7-14-2019 extinguished, (b) the defendants claim that exigent circumstances mandated an application for a search warrant was without merit, because the fire had already been 24 hours before the search warrant was on or about 7-15-2019, 1123AM issued by Justice Dowling, extinguished; © said 7-15-2019 search warrant did not include within its scope the seizure of photographs and/or mail of the plaintiff (then defendant) which did in fact occur by the defendants and may have foreseeably constituted a federal mail fraud violation by defendants, (c) the 7-23-2019 supporting deposition attested

by defendant Todoroski, admitted that although he was the arresting officer he had no personal knowledge of any factual particulars as to plaintiff's alleged marijuana seizure which was made by defendant Bonacasa, and he foreseeably perjuriously claimed under oath in his 7-23-2019 deposition that it was based on chemical laboratory analysis of marijuana seized from plaintiff's apartment, which report and analysis occurred eight (8) days later, ( d) and/or the false arrest was based on the suppression of exculpatory evidence, namely the loss of and/or failure to produce plaintiff's $18,100.00, which was part and parcel of a municipality implemented plan, decision, statement, ordinance rule and/or regulation, and/or custom and/or usage, officially and unofficially adopted by said municipality, and/or ( e) defendants wrongfully, intentionally, failed to maintain chain of custody of evidence herein, and/or the laboratory and/or scientific reports of controlled substance possession were altered, and/or destroyed and/or tampered with and/or inherently unreliable.

9. As a result of defendants' false arrest, which was wrongful, intentional, beyond the scope of the existing warrant and/or was ultra vires, plaintiff was confined for approximately 45 hours, sustained emotional pain and suffering, incurred attorney fees, in the amount of $10,000.00 approximately, sustained approximately $5,000.00 in property damage to his Cartier watch and/or eye glasses, incurred expenses to fix his apartment door, and in payment for a new lock on his door, sustained loss of credit rating, sustained damage to his reputation, sustained damage to business reputation , and incurred transportation expenses.

10. Said constitutional violations were willful, egregious, and opprobrious, were calculated to and did result in loss of liberty and/or property rights of plaintiff herein, and defendants, and each of them are liable for punitive and exemplary damages as a result thereof.

COUNT II (VIOLATION OF 42  U.S.C. SECTION 1983-MALICIOUS PROSECUTION)

11. Plaintiff herewith repeats, restates and realleges Paragraphs 1-10  herein  above.

12. The criminal case against plaintiff  was brought wrongfully, intentionally, maliciously, without probable cause, and/or was on or about 3-9-2020  favorably terminated, and said prosecution was further to a municipality  implemented plan, policy, guideline, rule, regulation, ordinance, and/or long standing custom and/or usage, from on or about 7-15-2019 through on or about 3-9-2020, and defendants , and each of them, are liable for said constitutional violations herein.

COUNT III
(MALICIOUS PROSECUTION)

13. Plaintiff herewith repeats, restates and realleges Paragraph 1-12 herein  above.

14. The subject Court has ancillary jurisdiction to hear state related claims arising out of the subject factual particulars herein.

15. The criminal prosecution  of plaintiff was intentional, willful, egregious, opprobrious, malicious, wrongful, without probable cause, and was favorably terminated by the dismissal on or about 3-9-2020 of the criminal case  against  plaintiff, Docket #CR-027596-19KN, Brooklyn Criminal Court, 120 Schermerhorn Street, Brooklyn, NY 11201,  and attached as Plaintiff  Exhibit "1" is the executed and notarized CPL Section160.50 unsealing  authorization.

16. Plaintiff property and timely on or about 2-18-21 served a notice of claim, Claim #: 2021PI006339, acknowledged by Office of Comptroller, City of New  York , on March 9, 2021.

17. A 50-h hearing was held and completed on July 23, 2021, and plaintiff has fulfilled any and all conditions precedent in bringing the subject state  relate ancillary claim herein.

COUNT IV
(CONVERSION)

18. Plaintiff herewith repeats, restates and realleges Paragraphs 1-17 herein above.

19. From on or about July 15, 2019, up to and including the present, the defendants, wrongfully, intentionally, without justification and/or privilege converted to their own dominion, possession and/or control, the sum of $18,100.00 of plaintiff's money, which was contained and deposited in a closed drawer not in plain view.

20. Defendants' conversion was wanton, willful and/or opprobrious, was calculated to and did result in loss of property to plaintiff and defendants are liable for punitive and exemplary damages as a result thereof.

21. As a result of said conversion, defendants are liable for reasonable attorney fees and costs, and pre-judgment interest at the maximum rate prevailing under New York law, from on or about July 15, 2019, up to and including the present.

WHEREFOR, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST, SECOND, AND THIRD COUNTS:

1. For general damages in the amount of Seventy Five Thousand Dollars and Zero Cents ($75,000.00);

2. For punitive and exemplary damages in the amount of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00);

3. For reasonable attorney fees and costs;

4. For disbursements; and

5. For any other just relief deemed proper by the Court.

AS AND FOR THE FOURTH COUNT:

1. For general damages in the amount of $18,100.00;

2. For punitive and exemplary damages in the amount of $54,300.00;

3. For reasonable attorney fees and costs;

4. For pre-judgment interest at the maximum rate prevailing under New York law, from on or about July 15, 2019, up to and including the present;

5. For disbursements; and

6. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
           FEBRUARY 28, 2022

Respectfully submitted,

_____
Gary S. Fish, Esq.; (GSF 6551)
Attorney for Plaintiff, 30 Vesey Street, 15th Floor
NY, NY 10007; (212) 964-5100

-8-

**CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50**

Whereas, I, _Ramsey Smith_, residing at _226 Pulaski St apt #7 Brooklyn, NY 11206_, date of birth: _9/9/1979_, and Social Security # _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_, NYSID # _____, having caused a Notice of Claim to be served upon the City of New York, demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim, to keep sealed the records of my arrest on or about _7-15-19_, including all records maintained by law enforcement agencies, criminal courts, and/or district attorney's office. If my case proceeded in the criminal courts, the docket # was _CR-022596-19KN Brooklyn Criminal Ct 120 Schermerhorn St, Brooklyn, NY 11201, and on 2-16-21 the case was dismissed._

Whereas, it is necessary for the City of New York to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claim, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. I specifically authorize the New York City Police Department; _Kings_ County District Attorney's Office; New York State Supreme Court, _Kings_ County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. _A copy has same effect as original._

_This authorization pertains to the certificate of disposition also._

_____
PLAINTIFF/CLAIMANT
Ramsey Smith

Sworn to before me this _23_ day of _July_, 2021

_____
NOTARY PUBLIC

T. Solis
Commissioner of Deeds, City Of New York
No. 4-6852
Certified in New York County
Commission Expires May 1, 2023

Plaintiff Exhibit "4"